IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHYLLIS D. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-436-M |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

In this social security appeal, the administrative law judge denied disability benefits in part because he discounted the Plaintiff's credibility. Because the judge did not state the reasons for his credibility finding, the Court should reverse and remand.

Under the Social Security Administration's regulations, the administrative law judge must "give specific reasons for the weight given to the individual's statements." Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996). These reasons must be "articulated in the determination or decision" and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight." *Id*. The administrative law judge did not satisfy this requirement.

In his list of "findings," the administrative law judge stated: "The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." Administrative Record at p. 18 (certified May 30, 2006) ("Rec."). The reference is unclear, as the judge never discussed reasons for the credibility assessment "in the body of the decision." *See id.*

The judge did quote certain testimony which could potentially affect an assessment of the Plaintiff's credibility. Rec. at pp. 15-16. But the judge never discussed these quotations or stated whether they affected his credibility assessment.

The administrative record reflects complaints by the Plaintiff about symptoms involving:

- pain about a third of the time spent doing the laundry,[1]

- hip pain, resulting in fatigue and difficulty in sitting,[2]

- pain in the neck and arms,[3]

- little or no strength in the arms, hands and fingers,[4]

- adverse reactions to medications, such as an inability to use Tylenol or Advil for headaches and fatigue from the use of Paxil,[5]

---

[1]   Rec. at p. 254.

[2]   Rec. at pp. 102, 115, 257.

[3]   Rec. at pp. 29, 33, 65, 73, 80, 102, 106, 116-17, 128, 171-72, 179, 191, 240, 259.

[4]   Rec. at pp. 29, 80, 117, 128, 157, 172, 260.

[5]   Rec. at pp. 108, 256, 258.

- frequent diarrhea,[6]

- acid reflux,[7]

- difficulty in rotating or turning her head,[8]

- daily migraine headaches that last "[a]ll day" and "all night long,"[9]

- numbness of the right hand and arm,[10]

- inability to grasp items or work with her hands for "very long,"[11]

- inability to keep her arms above her chest for more than a few minutes,[12] and

- inability to squat, crouch, crawl, kneel, or stoop.[13]

The judge was mindful of some of these complaints, as he referred in the decision to:

- "severe pain in her hips,"[14]

- difficulty in sitting,[15]

---

[6]   Rec. at p. 257.

[7]   Rec. at pp. 102, 128, 214, 240, 257.

[8]   Rec. at pp. 65, 73, 115, 258-59.

[9]   Rec. at p. 258; *see id.* at p. 117 (complaining of "severe headaches daily").

[10]   Rec. at pp. 65, 73, 110, 116, 128, 157, 171-72, 259.

[11]   Rec. at p. 87; *see id.* at pp. 65 & 73 (discussing a subjective complaint involving "grip" and "grip strength").

[12]   Rec. at pp. 87, 103-104.

[13]   Rec. at pp. 87, 113, 115.

[14]   Rec. at p. 14.

[15]   Rec. at p. 14.

- feeling "very tired,"[16]

- migraine headaches,[17] and

- irritable bowel syndrome.[18]

And, as the Defendant emphasizes, the judge referred to three medical reports potentially bearing on Ms. Williams' credibility:

- Dr. Michael Hahn's conclusion that "'[t]here [was] symptom magnification;'"[19]

- Dr. Daniel Lee's conclusion that Ms. Williams' complaints reflected "'symptoms worse than her MRI reveal[ed];'"[20] and

- Dr. Vallis Anthony's conclusion, that Ms. Williams "'seem[ed] to have a little bit of exaggerated pain response.'"[21]

From these references, the Defendant suggests that the administrative law judge was basing his credibility assessment on the three reports. But the judge never said that he was doing so. While the decision contained references to reports by Dr. Hahn, Dr. Lee, and Dr. Anthony, the administrative law judge never stated whether he agreed with any of their conclusions and the decision is otherwise silent on the reasons for the credibility finding. As a result, the Court can only guess which subjective allegations were disbelieved or the

---

[16]   Rec. at p. 14.

[17]   Rec. at p. 14.

[18]   Rec. at p. 14.

[19]   Rec. at p. 15; *see id.* at p. 192.

[20]   Rec. at p. 16; *see id.* at p. 176.

[21]   Rec. at p. 16; *see id.* at p. 129.

reasons for such disbelief. In these circumstances, the Court should reverse and remand for further proceedings. *See Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006) (holding that the administrative law judge's failure "to discuss why he rejected [the claimant's] testimony violates [the Tenth Circuit's] precedent, and requires remand for the [administrative law judge] to incorporate [the claimant's] testimony into his decision").[22]

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is December 12, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is terminated.

Entered this 22nd day of November, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[22] The Plaintiff also contends that the administrative law judge had lacked substantial evidence for his findings on the Plaintiff's abilities relating to standing, walking, reaching, handling, and fingering. The Court need not address this contention in light of the necessity of a remand on other grounds. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").